Fill in this information to identify your case:

| | | |
|---|---|---|
| Debtor 1 | **Larry   Johnson** | |
| | First Name   Middle Name | Last Name |
| Debtor 2 | **Renee D. Johnson** | |
| (Spouse, if filing) | First Name   Middle Name | Last Name |
| United States Bankruptcy Court for the: | **DISTRICT OF SOUTH CAROLINA** | |
| Case number: | **18-02301** | |
| (If known) | | |

☐ Check if this is a modified plan, and list below the sections of the plan that have been changed.

☐ Pre-confirmation modification
☐ Post-confirmation modification

District of South Carolina
# Chapter 13 Plan

12/17

## Part 1: Notices

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, this Court's local rules, and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies*

**To Creditors:** Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. Failure to object may constitute an implied acceptance of and consent to the relief requested in this document.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, pursuant to Federal Rule of Bankruptcy Procedure 3002, you must file a timely proof of claim in order to be paid under any plan. Confirmation of this plan does not bar a party in interest from objecting to a claim.

The following matters may be of particular importance. *Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ☑ Not Included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4. | ☐ Included | ☑ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☑ Included | ☐ Not Included |
| 1.4 | Conduit Mortgage Payments: ongoing mortgage payments made by the trustee through plan, set out in Section 3.1(c) and in Part 8 | ☑ Included | ☐ Not Included |

## Part 2: Plan Payments and Length of Plan

**2.1** The debtor submits to the supervision and control of the trustee all or such portion of future earnings or other future income as is necessary for the execution of the plan.

Unless all allowed claims (other than long-term claims) are fully paid pursuant to the plan, the debtor will make regular payments to the trustee as follows:

**$3,284.00** per **Month** for **60** months

*Insert additional lines if needed.*

The debtor and trustee may stipulate to a higher payment in order to provide adequate funding of the plan without the necessity of a modification to the plan. The stipulation is effective upon filing with the Court.

Additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

| Debtor | **Larry Johnson** | Case number | **18-02301** |
|---|---|---|---|
| | **Renee D. Johnson** | | |

**2.2    Regular payments to the trustee will be made from future income in the following manner:**

*Check all that apply:*

☐ The debtor will make payments pursuant to a payroll deduction order.
☐ The debtor will make payments directly to the trustee.
☐ Other (specify method of payment):

**2.3 Income tax refunds.**
*Check one.*

☑ The debtor will retain any income tax refunds received during the plan term.

☐ The debtor will treat income refunds as follows:

**2.4 Additional payments.**
*Check one.*

☑ **None.** If "None" is checked, the rest of § 2.4 need not be completed or reproduced.

| Part 3: | **Treatment of Secured Claims** |
|---|---|

To receive a distribution from the trustee, a proof of claim, including adequate supporting documentation and filed in compliance with Official Rules and Forms, must be filed with the Court. For purposes of plan distribution, a claim shall be treated as provided for in a confirmed plan. However, if a claim is treated as secured in a confirmed plan and the affected creditor elects to file an unsecured claim, such claim, unless timely amended, shall be treated as unsecured for purposes of plan distribution.   Any creditor holding a claim secured by property that is removed from the protection of the automatic stay by order, surrender, or through operation of the plan will receive no further distribution from the chapter 13 trustee on account of any secured claim. This provision also applies to creditors who may claim an interest in, or lien on, property that is removed from the protection of the automatic stay by another lienholder or released to another lienholder, unless the Court orders otherwise, but does not apply if the sole reason for its application arises under 11 U.S.C. § 362(c)(3) or (c)(4).  Any funds that would have otherwise been paid to a creditor, but pursuant to these provisions will not be paid, will be distributed according to the remaining terms of the plan.  Any creditor affected by these provisions and who has filed a timely proof of claim may file an itemized proof of claim for any unsecured deficiency within a reasonable time after the removal of the property from the protection of the automatic stay.  Secured creditors that will be paid directly by the debtor may continue sending standard payment and escrow notices, payment coupons, or inquiries about insurance, and such action will not be considered a violation of the automatic stay.

**3.1    Maintenance of payments and cure or waiver of default, if any.**

*Check all that apply.  Only relevant sections need to be reproduced.*

☐ None. If "None" is checked, the rest of § 3.1 need not be completed or reproduced.

☐ **3.1(b)** The debtor is in default and will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules.  The arrearage payments will be disbursed by the trustee, with interest, if any, at the rate stated. The trustee shall pay the arrearage as stated in the creditor's allowed claim or as otherwise ordered by the Court.

| **Name of Creditor** | **Collateral** | **Estimated amount of arrearage** | **Interest rate on arrearage** (if applicable) | **Monthly payment on arrearage** |
|---|---|---|---|---|
| _____ | _____ | _____ | _____ | _____ |
| | | Includes amounts accrued through the | | (or more) |

*Insert additional claims as needed.*

☐ **3.1(c)** The debtor elects to make post-petition mortgage payments to the trustee for payment through the Chapter 13 Plan in accordance with the Operating Order of the Judge assigned to this case and as provided in Section 8.1.  In the event of a conflict between this document and the Operating Order, the terms of the Operating Order control.

☐ **3.1(d)** The debtor proposes to engage in loss mitigation efforts with _____ according to the applicable guidelines or procedures

| Debtor | Larry Johnson | Case number | **18-02301** |
|---|---|---|---|
| | Renee D. Johnson | | |

of the Judge assigned to this case. Refer to section 8.1 for any nonstandard provisions, if applicable.

*Insert additional claims as needed*

☑ **3.1(e) Other.** A secured claim is treated as set forth in section 8.1. This provision will be effective only if the applicable box in Section 1.3 of this plan is checked and a treatment is provided in Section 8.1.

*Insert additional claims as needed*

**3.2** **Request for valuation of security and modification of undersecured claims.** *Check one.*

☑ **None.** If "None" is checked, the rest of § 3.2 need not be completed or reproduced.
***The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.***

☐ The debtor requests that the Court determine the value of the secured claims listed below. For each non-governmental secured claim listed below, the debtor states that the value of the secured claim should be as set out in the column headed Estimated amount of secured claim. For secured claims of governmental units, unless otherwise ordered by the Court after motion or claims objection filed after the governmental unit files its proof of claim or after the time for filing one has expired, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below.

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5.1 of this plan. If the estimated amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5.1 of this plan. Unless otherwise ordered by the Court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

Unless 11 U.S.C. § 1325(a)(5)(A) or (C) applies, holders of secured claims shall retain liens to the extent provided by section 1325(a)(5)(B)(i). Secured creditors paid the full secured claim provided for by this plan shall satisfy any liens within a reasonable time.

**3.3** **Other secured claims excluded from 11 U.S.C. § 506 and not otherwise addressed herein.**

*Check one.*

☐ **None**. If "None" is checked, the rest of § 3.3 need not be completed or reproduced.
☑ The claims listed below are being paid in full without valuation or lien avoidance.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed either by the trustee or directly by the debtor, as specified below. Holders of secured claims shall retain liens to the extent provided by 11 U.S.C. § 1325(a)(5)(B)(i). Secured creditors paid the full secured claim provided for by this plan shall satisfy any liens within a reasonable time.

| **Name of Creditor** | **Collateral** | **Estimated amount of claim** | **Interest rate** | **Estimated monthly payment to creditor** |
|---|---|---|---|---|
| **Wilshire Commercial Ca** | 2008 Landrover Range Rover Sport Super 130,000 miles | $9,221.00 | 5.25% | $166.00 (or more) Disbursed by: ☑ Trustee ☐ Debtor |

| **Name of Creditor** | **Collateral** | **Estimated amount of claim** | **Interest rate** | **Estimated monthly payment to creditor** |
|---|---|---|---|---|
| **Wilshire Commercial Ca** | 2008 Mercedes clk convertable 90,000 | | 5.25% | $139.000 |

| Debtor | **Larry Johnson**  <br>**Renee D. Johnson** | Case number | **18-02301** |
|---|---|---|---|

| Name of Creditor | Collateral | Estimated amount of claim | Interest rate | Estimated monthly payment to creditor |
|---|---|---|---|---|
| | | | | (or more) <br><br> Disbursed by: <br> ☑ Trustee <br> ☐ Debtor |

*Insert additional claims as needed.*

**3.4    Lien avoidance.**

*Check one.*

☑    **None.** If "None" is checked, the rest of § 3.4 need not be completed or reproduced.

**3.5    Surrender of collateral.**

*Check one.*

☑    **None.** If "None" is checked, the rest of § 3.5 need not be completed or reproduced.

### Part 4:    Treatment of Fees and Priority Claims

**4.1    General**

The debtor shall pay all post-petition priority obligations, including but not limited to taxes and post-petition domestic support, and pay regular payments on assumed executory contracts or leases, directly to the holder of the claim as the obligations come due, unless otherwise ordered by the Court. Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2    Trustee's fees**

Trustee's fees are governed by statute and may change during the course of the case.

**4.3    Attorney's fees.**

a.    The debtor and the debtor's attorney have agreed to an attorney's fee for the services identified in the Rule 2016(b) disclosure statement filed in this case. Fees entitled to be paid through the plan and any supplemental fees as approved by the Court shall be disbursed by the trustee as follows: Following confirmation of the plan and unless the Court orders otherwise, the trustee shall disburse a dollar amount consistent with the Judge's guidelines to the attorney from the initial disbursement. Thereafter, the balance of the attorney's compensation as allowed by the Court shall be paid, to the extent then due, with all funds remaining each month after payment of trustee fees, allowed secured claims and pre-petition arrearages on domestic support obligations. In instances where an attorney assumes representation in a pending pro se case and a plan is confirmed, a separate order may be entered by the Court, without further notice, which allows for the payment of a portion of the attorney's fees in advance of payments to creditors.

b.    If, as an alternative to the above treatment, the debtor's attorney has received a retainer and cost advance and agreed to file fee applications for compensation and expenses in this case pursuant to 11 U.S.C. § 330, the retainer and cost advance shall be held in trust until fees and expense reimbursements are approved by the Court. Prior to the filing of this case, the attorney has received $**800.00** and for plan confirmation purposes only, the fees and expenses of counsel are estimated at $**2,900.00** or less.

**4.4    Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*

☑    The debtor is unaware of any priority claims at this time. If funds are available, the trustee is authorized to pay on any allowed priority claim without further amendment of the plan.

☐    **Domestic Support Claims**. 11 U.S.C. § 507(a)(1):

a.    Pre-petition arrearages. The trustee shall pay the pre-petition domestic support obligation arrearage to (name of DSO recipient), at the rate of $_____ or more per month until the balance, without interest, is paid in full. Add additional creditors as needed.

| Debtor | **Larry Johnson**  **Renee D. Johnson** | Case number | **18-02301** |
|---|---|---|---|

     b.    The debtor shall pay all post-petition domestic support obligations as defined in 11 U.S.C. § 101(14A) on a timely basis directly to the creditor.

     c.    Any party entitled to collect child support or alimony under applicable non-bankruptcy law may collect those obligations from property that is not property of the estate or with respect to the withholding of income that is property of the estate or property of the debtor for payment of a domestic support obligation under a judicial or administrative order or a statute.

☐ **Other Priority debt.** The trustee shall pay all remaining pre-petition 11 U.S.C. § 507 priority claims on a pro rata basis. If funds are available, the trustee is authorized to pay on any allowed priority claim without further amendment of the plan.

**4.5**    **Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*
☑ **None.** If "None" is checked, the rest of § 4.5 need not be completed or reproduced.

## Part 5: Treatment of Nonpriority Unsecured Claims

**5.1**    **Nonpriority unsecured claims not separately classified.** *Check one*

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata by the trustee to the extent that funds are available after payment of all other allowed claims.

☑ The debtor estimates payments of less than 100% of claims.
☐ The debtor proposes payment of 100% of claims.
☐ The debtor proposes payment of 100% of claims plus interest at the rate of %.

**5.2**    **Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

☑ **None.** If "None" is checked, the rest of § 5.2 need not be completed or reproduced.

**5.3**    **Other separately classified nonpriority unsecured claims.** *Check one*.

☑ **None.** If "None" is checked, the rest of § 5.3 need not be completed or reproduced.

## Part 6: Executory Contracts and Unexpired Leases

**6.1**    **The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one*.

☑ **None.** If "None" is checked, the rest of § 6.1 need not be completed or reproduced.

## Part 7: Vesting of Property of the Estate

**7.1**    **Property of the estate will vest in the debtor as stated below:**
*Check the appliable box:*

☑ Upon confirmation of the plan, property of the estate will remain property of the estate, but possession of property of the estate shall remain with the debtor. The chapter 13 trustee shall have no responsibility regarding the use or maintenance of property of the estate. The debtor is responsible for protecting the estate from any liability resulting from operation of a business by the debtor. Nothing in the plan is intended to waive or affect adversely any rights of the debtor, the trustee, or party with respect to any causes of action owned by the debtor.

| Debtor | **Larry Johnson** | Case number | **18-02301** |
|---|---|---|---|
| | **Renee D. Johnson** | | |

☐ **Other.** The debtor is proposing a non-standard provision for vesting, which is set forth in section 8.1. This provision will be effective only if the applicable box in Section 1.3 of this plan is checked and a proposal for vesting is provided in Section 8.1.

## Part 8: Nonstandard Plan Provisions

**8.1  Check "None" or List Nonstandard Plan Provisions**

☑ **None.** If "None" is checked, the rest of Part 8 need not be completed or reproduced.

**1. PAYMENTS FROM THE DEBTOR TO THE CHAPTER 13 TRUSTEE (THE "TRUSTEE"):** The Debtor submits to the supervision and control of the Trustee all or such portion of future earnings or other future earnings as necessary for the execution of the plan. In addition, Debtor will pay to the Trustee any portion of a recovery under a pre-petition claim or cause of action that constitutes disposable income or is not exempt.

As provided for in Operating Order of the judge assigned to this case ("Operating Order"), which is incorporated herein by reference, this plan provides for the Debtor to make Mortgage Payments to the Trustee on a conduit basis. In the event of a conflict between this document and the Operating Order, the terms of the Operating Order control.

The Debtor shall pay to the Trustee the sum of **$ 3,284.00** per month for a period of **60** months, unless all allowed claims (other than long-term claims) are fully paid pursuant to the plan.

Except for the initial disbursement after confirmation, which is addressed in IV.A.1. below, the Trustee shall apply any funds received in the order set forth below:

1. Trustee percentage fees;
2. Ongoing Conduit Mortgage Payments;
3. All other secured claims (including but not limited to Pre-petition Mortgage Payments, Gap Payments, and Post-petition Charges) and Debtor's attorney's fees included in the Chapter 13 Plan, on a pro rata basis;
4. Priority unsecured claims on.a pro rata basis;
5. · General unsecured claims in a pro rata basis .

Nothing in this plan should be interpreted to impair the right of any party in interest to seek the appropriate relief from the Court as a result of the Debtor's failure to make Conduit Mortgage Payments or Plan Payments to the Trustee.

The Trustee is authorized to increase Debtor's monthly plan payments by the amount necessary to fund the Plan if the Plan becomes no longer mathematically viable due to the filing of any of the following:

1. Notice of Mortgage Payment Change;
2. A Compliant POC or any amendments thereto; or
3. Notice of Post-petition Fees, Expenses, and Charges (subject to para. IV(B)(3)(d) below).

The Trustee may make these payment changes by filing a Trustee's **Notice of Plan Payment Change** and providing notice to the Debtor and Debtor's attorney.

**An increase in Conduit Mortgage Payments may decrease the dividend, if any, paid to general unsecured creditors. Unless the Debtor is required to pay specific dollar amounts to priority and/or general unsecured creditors under 11U.S.C.§1325(a) or (b), the Trustee is not required to seek an increase in plan payments in order to achieve or maintain a certain dividend to general unsecured creditors.**

Nothing herein shall prevent the Debtor from seeking a reduction in plan payments in the event the Conduit Mortgage Payment decreases for any of the reasons listed in this section.

**Mortgage payments**

Insert complete Property address, including zip code and TMS: **31 Schooner Ct., Columbia, SC 29229 TMS # R23206-01-76**

Ongoing Mortgage Payments will be paid by the Trustee to Mortgage Creditors (list the name

| Debtor | **Larry Johnson**<br>**Renee D. Johnson** | Case number | **18-02301** |
|---|---|---|---|

and address of each Mortgage Creditor) on a conduit basis. For so long as the Debtor remains current in Payments pursuant to the plan, and regardless of the date of disbursement of the Conduit Mortgage Payment by the Trustee, the Mortgage Creditor, any servicer, trustee for the loan, or successor-in-interest, shall not: (1) declare the loan in default; (2) impose any Post-petition Charge; or (3) seek to recover or assess late fees or penalties. Payments from the Debtor to the Trustee that are returned for insufficient funds or for other reasons by the Trustee's financial institution will be deemed "not received." The Mortgage Creditor shall apply all Trustee disbursements as designated by the Trustee, in accordance with the classes below:

    **a. Pre-petition Arrears.**

    To **Wells Fargo Home Mortgage:** The Trustee shall pay the **Pre-petition Arrearage** (including month of filing or conversion) as stated in the creditor's allowed claim or as otherwise ordered by the Court at the rate of **$271.00** or more per month [along with (percent) interest, if applicable].

    **Note to users: add separate paragraphs for each creditor entitled to be paid arrears.**

    b. **Conduit Mortgage Payments (ongoing Post-petition Monthly Mortgage Payments)**. Beginning in the third calendar month following the filing of the Petition, or conversion, or the occurrence of any other event requiring the Debtor to make Conduit Mortgage Payments, the Trustee shall pay the ongoing Mortgage Payments due to Mortgage Creditors as indicated in the chart below. Unless otherwise ordered, Conduit Mortgage payments will be retained by the Trustee until after confirmation of the plan and until such time as either the Debtor files a proof of claim for the Mortgage Creditor pursuant to 11 U.S.C. § 50l(c), or the Mortgage Creditor files a proof of claim in compliance with the Official Forms. Mortgage Creditors shall apply the payments designated by the Trustee as Conduit Mortgage Payments solely to Post-petition obligations that accrue during or after the month specified herein. If the Conduit Mortgage Payments are placed into a suspense, forbearance, or similar account, they will be deemed to have been timely applied pursuant to this subsection. Mortgage Creditors shall file and serve a Notice of Mortgage Payment Change in accordance with the applicable Official Form, within the deadline and in compliance with the service requirements set forth in F.R.B.P. 3002.1 (b ), to reflect any changes in the monthly mortgage payments or escrow amounts that occur during the term of the plan.

| **Mortgage Creditor's name, including servicer/trustee as applicable, at time of last notice** | **Ongoing Monthly Mortgage Payment Amount*** | Does the Monthly Mortgage Payment include escrows for:<br>a) real estate taxes? Yes/No;<br>Amount: ----- b) homeowners' insurance?<br>Yes/No<br>Amount: ----- |
|---|---|---|
| **Wells Fargo Home Mortgage** | **$2,219.00** | $ |

*Amount(s) listed above will be deemed to be the amount of the ongoing Monthly Mortgage Payment. The Debtor asserts that the above amount is correct as of the last written notice (including escrow amounts, if applicable). Upon the filing of a Proof of Claim in compliance with the Official Forms and F.R.B.P. Rule 3002 or 3004, and twenty-one (21) days after the filing of a Notice of Mortgage Payment Change filed in compliance with the deadlines and service requirements set forth in F.R.B.P. 3002.l(b) and using the applicable Official Forms, the Trustee shall be authorized to disburse the monthly payment amount provided by the Mortgage Creditor, if that amount is higher than stated in the plan.

    **c. Gap payments.**  The Post-petition Mortgage Payments for the two (2) months immediately after the petition is filed or the case is converted to Chapter 13, or the two (2) months immediately after the occurrence of any other event requiring the Debtor to make Conduit Mortgage Payments, shall be cured over the full term of the plan at the rate of **$74** or more per month, **[along with (percent)% interest, if applicable].**

    **d. Post-petition Charges.** This class includes all payments due to the Mortgage Creditor as described in any Notice of Post-petition Mortgage Fees, Expenses, and Charges under F.R.B.P. 3002.l(c)

| Debtor | **Larry Johnson** | Case number | **18-02301** |
|---|---|---|---|
| | **Renee D. Johnson** | | |

("3002.1 ( c) Notice"), filed with the Court. The Debtor will be responsible for reviewing all filed 3002.1 ( c) Notices within 60 days of the date of filing of such notice. If the Debtor fails to object within 60 days, then the Trustee may pay these amounts as filed, on a pro rata basis as funds are available. The Debtor's failure to object will be deemed as a waiver of any claim against the Trustee for payment of these amounts. Any request for refund of overpayment or obligation for underpayment will be the sole responsibility of the Debtor. Once the Trustee has filed a Notice of Final Cure under F.R.B.P. 3002.l(f), the Debtor shall be directly responsible for any further Post-petition fees and charges.

**e. Post-petition Arrears resulting from the Debtor's post-petition delinquency in either Conduit Mortgage Payments or plan payments**.

To **(creditor name)**: The Trustee shall pay the Post-petition Arrearage for the following calendar month(s): . Disbursements will be made at the rate of **payment amount** or more per month, **[along with (percent)% interest, if applicable]**

**2    Debtor's Statement in Support of Confirmation**

In connection with the plan dated **May 16, 2018,** the debtor(s) hereby state that they understand the following:

(1) The obligations set forth in the plan, including the amount, method, and timing of payments made to the trustee and/or directly to creditors;

(2) The consequences of any default under the plan including the direct payments to creditors; and

(3) That debtor(s) may not agree to sell property, or sell property, employ professionals, or incur debt (including modification of debt) during the term of the plan without the advance authorization of the Bankruptcy Court.

**Part 9:    Signatures:**

**9.1    Signatures of debtor and debtor attorney**

*The debtor and the attorney for the debtor, if any, must sign below.*

| X | **/s/Larry Johnson** | X | **/s/Renee** D. **Johnson** |
|---|---|---|---|
| | **Larry Johnson** | | **Renee D. Johnson** |
| | Signature of Debtor 1 | | Signature of Debtor 2 |
| | Executed on   **May 16, 2018** | | Executed on   **May 16, 2018** |

| X | **/s/Barbara E. Brunson** | Date | **May 16, 2018** |
|---|---|---|---|
| | **Barbara E. Brunson** | | |
| | Signature of Attorney for debtor   DCID# **05037** | | |

**By filing this document, the debtor, if not represented by an attorney, or the debtor and the attorney for the debtor certify(ies) that this Chapter 13 plan contains no nonstandard provision other than those set out in Part 8.**

## United States Bankruptcy Court
### District of South Carolina

In re   **Larry Johnson**
      **Renee D. Johnson**
                      Debtor(s)

Case No.  **18-02301**
Chapter  **13**

## CERTIFICATE OF SERVICE

I hereby certify that on **May 17, 2018**, a copy of **Chapter 13 Plan** was served electronically or by regular United States mail to all interested parties, the Trustee and all creditors listed below.

See attached list.

/s/**Barbara E. Brunson**
**Barbara E. Brunson**
**Law Office of Barbara E. Brunson**
**P.O. Box 50943**
**Columbia, SC 29250**
**(803) 799-0425 Fax:(877) 310-8766**
**barbara@brunsonlawsc.com**

| | | |
|---|---|---|
| AD ASTRA RECOVERY<br>7330 W 33RD STREET N<br>STE 118<br>WICHITA KS 67205 | AFNI<br>ATTN: BANKRUPTCY<br>PO BOX 3097<br>BLOOMINGTON IL 61702 | AVANT CREDIT, INC<br>ATTENTION BANKRUPTCY<br>PO BOX 9183380<br>CHICAGO IL 60691 |
| BLUE TRUST LOANS<br>P.O. BOX 1754<br>HAYWARD WI 54843 | CAPITAL ONE<br>ATTN: BANKRUPTCY<br>PO BOX 30285<br>SALT LAKE CITY UT 84130 | CASH CENTRAL<br>ATTN: BANKRUPTCY<br>84 EAST 2400 NORTH<br>NORTH LOGAN UT 84341 |
| CAVALRY PORTFOLIO SERVICES<br>ATTN: BANKRUPTCY DEPARTMENT<br>500 SUMMIT LAKE STE 400<br>VALHALLA NY 10595 | DEPT OF ED / 582 / NELNET<br>ATTN: CLAIMS<br>PO BOX 82505<br>LINCOLN NE 68501 | INTERNAL REVEVUE SERVICE<br>CENTRALIZED INSOLVANCY UNIT<br>P.O. BOX 7346<br>PHILADELPHIA PA 19101-7346 |
| KOHLS/CAPITAL ONE<br>KOHLS CREDIT<br>PO BOX 3120<br>MILWAUKEE WI 53201 | LOAN ME<br>1900 S. STATE COLLEGE BLVD.<br>ANAHEIM CA 92806 | MIDAMERICA BANK & TRUST COMPANY<br>ATTN: BANKRUPTCY<br>PO BOX 400<br>DIXON MO 65459 |
| MOUNTAIN SUMMIT FINANCIAL<br>635 E. HWY 20, F<br>UPPER LAKE CA 95485 | NATIONAL CREDIT ADJUSTERS, LLC<br>327 W 4TH AVE.<br>PO BOX 3023<br>HUTCHINSON KS 67504 | NAVIENT<br>ATTN: BANKRUPTCY<br>PO BOX 9500<br>WILKES-BARRE PA 18773 |
| NAVY FEDERAL CR UNION<br>ATTN: BANKRUPTCY<br>PO BOX 3000<br>MERRIFIELD VA 22119 | NAVY FEDERAL CREDIT UNION<br>ATTN: BANKRUPTCY<br>PO BOX 3000<br>MERRIFIELD VA 22119 | PALMETTO CITIZENS FCU<br>1320 WASHINGTON ST<br>COLUMBIA SC 29201 |
| PALMETTO CITIZENS FCU<br>PO BOX 5846<br>COLUMBIA SC 29250 | RISE CREDIT<br>P.O. BOX 101808<br>FORT WORTH TX 76185 | SC DEPARTMENT OF REVENUE<br>P.O. BOX 12265<br>COLUMBIA SC 29211 |
| SYNCHRONY BANK/LOWES<br>ATTN: BANKRUPTCY DEPT<br>PO BOX 965060<br>ORLANDO FL 32896 | TIMEPAYMENT CORP, LLC.<br>16 NEW ENGLAND EXECUTIVE OFFICE PARK S.<br>BURLINGTON MA 01803 | VISA DEPT STORE NATIONAL BANK/MACY'S<br>ATTN: BANKRUPTCY<br>PO BOX 8053<br>MASON OH 45040 |
| WELLS FARGO HOME MOR<br>ATTN: BANKRUPTCY<br>MAC X7801-014   3476 STATEVIEW BLVD<br>FORT MILL SC 29715 | WILSHIRE COMMERCIAL CA<br>4751 WILSHIRE BV<br>LOS ANGELES CA 90010 | ZOCO LOANS<br>%ROSEBUD LENDING<br>P.O. BOX 1147<br>MISSION SD 57555 |