UNITED STATES BANKRUPTCY COURT

DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE:<br><br>Larry and Renee D. Johnson<br><br>DEBTOR(S)<br><br>Address:  31 Schooner Ct.<br><br>Columbia, SC<br><br>Last four digits of Social-Security or Individual Tax-Payer-Identification (ITIN) No(s)., (if any): <u>5728</u> and <u>9708</u> | CASE NO: 18-2301-jw<br><br>CHAPTER 13<br><br><br>MOTION TO MODIFY PLAN AFTER CONFIRMATION AND OPPORTUNITY FOR HEARING |

     The Court has confirmed a chapter 13 plan in this case. The debtor(s) moves, pursuant to 11 U.S.C. § 1329(a), and Fed. R. Bankr. P. 3015(h), to modify the confirmed plan. A copy of the plan with these modifications included is attached.

     TAKE NOTICE that any response, return, and/or objection to this motion should be filed with the Court no later than 21 days after the service of the modified chapter 13 plan, as computed under Fed. R. Bankr. P. 9006(a), on the chapter 13 trustee, the debtor(s), and any attorney for the debtor(s).

     TAKE FURTHER NOTICE that no hearing will be held on this motion, except at the direction of the judge, unless a response, return, and/or objection is timely filed and served, in which case the Court will conduct a hearing on October 10, 2019 at 9:00 a.m., at the United States Bankruptcy Court, 1100 Laurel Street, Columbia, South Carolina. No further notice of this hearing will be given.

Date: **September 10, 2019**
                                              **/s/Barbara E. Brunson**
                                              Barbara E. Brunson Fed ID # 005037
                                              Law Office of Barbara E. Brunson, LLC
                                              P.O. Box 50943
                                              Columbia, SC 29250
                                              Telephone No.: (803) 799-0425
                                              Fax Number:  (877) 310-8766
                                              barbara@brunsonlawsc.com

| Fill in this information to identify your case: | | | |
|---|---|---|---|
| Debtor 1 | Larry Johnson | | ☐ Check if this is a modified plan, and list below the sections of the plan that have been changed. |
| | First Name    Middle Name    Last Name | | |
| Debtor 2 | Renee D. Johnson | | |
| (Spouse, if filing) | First Name    Middle Name    Last Name | | |
| United States Bankruptcy Court for the: | DISTRICT OF SOUTH CAROLINA | ☐ | Pre-confirmation modification |
| | | ☑ | Post-confirmation modification |
| Case number: | 18-02301 | | 2.1, 8.1 |
| (If known) | | | |

## District of South Carolina
## Chapter 13 Plan                                                                                                                    5/19

### Part 1:  Notices

To Debtor(s):     This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, this Court's local rules, and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies*

To Creditors:     **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. Failure to object may constitute an implied acceptance of and consent to the relief requested in this document.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file a timely objection to confirmation. **To determine the deadline to object to this plan, you must consult the Notice of Bankruptcy Case or applicable Notice/Motion served with this plan.** The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, pursuant to Federal Rule of Bankruptcy Procedure 3002, you must file a timely proof of claim in order to be paid under any plan. Confirmation of this plan does not bar a party in interest from objecting to a claim.

The following matters may be of particular importance. *Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ☑ Not Included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4. | ☐ Included | ☑ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☑ Included | ☐ Not Included |
| 1.4 | Conduit Mortgage Payments: ongoing mortgage payments made by the trustee through plan, set out in Section 3.1(c) and in Part 8 | ☑ Included | ☐ Not Included |

### Part 2:  Plan Payments and Length of Plan

2.1     The debtor submits to the supervision and control of the trustee all or such portion of future earnings or other future income as is necessary for the execution of the plan.

Unless all allowed claims (other than long-term claims) are fully paid pursuant to the plan, the debtor will make regular payments to the trustee as follows:

**$3,504.00** per **Month** for **15** months
**$3,610.00** per **Month** for **45** months

*Insert additional lines if needed.*

The debtor and trustee may stipulate to a higher payment in order to provide adequate funding of the plan without the necessity of a modification to the plan. The stipulation is effective upon filing with the Court.

| Debtor | **Larry Johnson** | Case number | **18-02301** |
|---|---|---|---|
| | **Renee D. Johnson** | | |

Additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

### 2.2 Regular payments to the trustee will be made from future income in the following manner:

*Check all that apply:*

- [✓] The debtor will make payments pursuant to a payroll deduction order.
- [ ] The debtor will make payments directly to the trustee.
- [ ] Other (specify method of payment):

### 2.3 Income tax refunds.
*Check one.*

- [✓] The debtor will retain any income tax refunds received during the plan term.

- [ ] The debtor will treat income refunds as follows:

### 2.4 Additional payments.
*Check one.*

- [✓] **None.** If "None" is checked, the rest of § 2.4 need not be completed or reproduced.

### Part 3: Treatment of Secured Claims

To receive a distribution from the trustee, a proof of claim, including adequate supporting documentation and filed in compliance with Official Rules and Forms, must be filed with the Court. For purposes of plan distribution, a claim shall be treated as provided for in a confirmed plan. However, if a claim is treated as secured in a confirmed plan and the affected creditor elects to file an unsecured claim, such claim, unless timely amended, shall be treated as unsecured for purposes of plan distribution. Any creditor holding a claim secured by property that is removed from the protection of the automatic stay by order, surrender, or through operation of the plan will receive no further distribution from the chapter 13 trustee on account of any secured claim. This provision also applies to creditors who may claim an interest in, or lien on, property that is removed from the protection of the automatic stay by another lienholder or released to another lienholder, unless the Court orders otherwise, but does not apply if the sole reason for its application arises under 11 U.S.C. § 362(c)(3) or (c)(4). Any funds that would have otherwise been paid to a creditor, but pursuant to these provisions will not be paid, will be distributed according to the remaining terms of the plan. Any creditor affected by these provisions and who has filed a timely proof of claim may file an itemized proof of claim for any unsecured deficiency within a reasonable time after the removal of the property from the protection of the automatic stay. Secured creditors that will be paid directly by the debtor may continue sending standard payment and escrow notices, payment coupons, or inquiries about insurance, and such action will not be considered a violation of the automatic stay.

### 3.1 Maintenance of payments and cure or waiver of default, if any.

*Check all that apply. Only relevant sections need to be reproduced.*

- [ ] None. If "None" is checked, the rest of § 3.1 need not be completed or reproduced.

- [ ] **3.1(b)** The debtor is in default and will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. The arrearage payments will be disbursed by the trustee, with interest, if any, at the rate stated. The trustee shall pay the arrearage as stated in the creditor's allowed claim or as otherwise ordered by the Court.

*Insert additional claims as needed.*

- [✓] **3.1(c)** The debtor elects to make post-petition mortgage payments to the trustee for payment through the Chapter 13 Plan in accordance with the Operating Order of the Judge assigned to this case and as provided in Section 8.1. In the event of a conflict between this document and the Operating Order, the terms of the Operating Order control.

- [ ] **3.1(d)** The debtor proposes to engage in loss mitigation efforts with _____ according to the applicable guidelines or procedures of the Judge assigned to this case. Refer to section 8.1 for any nonstandard provisions, if applicable.

  *Insert additional claims as needed*
- [ ] **3.1(e) Other.** A secured claim is treated as set forth in section 8.1. This provision will be effective only if the applicable box in

| Debtor | Larry Johnson | Case number | 18-02301 |
|---|---|---|---|
| | Renee D. Johnson | | |

· Section 1.3 of this plan is checked and a treatment is provided in Section 8.1.

*Insert additional claims as needed*

### 3.2 Request for valuation of security and modification of undersecured claims. *Check one.*

☑ **None.** If "None" is checked, the rest of § 3.2 need not be completed or reproduced.

### 3.3 Other secured claims excluded from 11 U.S.C. § 506 and not otherwise addressed herein.

*Check one.*

☐ **None.** If "None" is checked, the rest of § 3.3 need not be completed or reproduced.
☑ The claims listed below are being paid in full without valuation or lien avoidance.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed either by the trustee or directly by the debtor, as specified below. Unless there is a non-filing co-debtor who continues to owe an obligation secured by the lien, any secured creditor paid the allowed secured claim provided for by this plan shall satisfy its liens at the earliest of the time required by applicable state law, order of this Court, or upon completion of the payment of its allowed secured claim in this case.

| Name of Creditor | Collateral | Estimated amount of claim | Interest rate | Estimated monthly payment to creditor |
|---|---|---|---|---|
| **Wilshire Commercial Ca** | **2008 Landrover Range Rover Sport Super 130,000 miles** | **$9,588.00** | **6.00%** | **$186.00** (or more) Disbursed by: ☑ Trustee ☐ Debtor |
| **Wilshire Commercial Ca** | **2008 Mercedes clk convertable 90,000 miles** | **$7,314.00** | **6.00%** | **$142.00** (or more) Disbursed by: ☑ Trustee ☐ Debtor |

*Insert additional claims as needed.*

### 3.4 Lien avoidance.

*Check one.*

☑ **None.** If "None" is checked, the rest of § 3.4 need not be completed or reproduced.

### 3.5 Surrender of collateral.

*Check one.*

☐ **None.** If "None" is checked, the rest of § 3.5 need not be completed or reproduced.
☑ The debtor elects to surrender the collateral that secures the claim of the creditor listed below. The debtor requests that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects. A copy of this plan must be served on all co-debtors. Any creditor who has filed a timely proof of claim may file an amended proof of claim itemizing the deficiency resulting from the disposition of the collateral within a reasonable time after the surrender of the property. Any such amended claim, if allowed, will be treated in Part 5.1 below.

| Name of Creditor | Collateral |
|---|---|
| **Navy Federal Credit Union** | **2007 BMW 328 124,000 miles damage worth 3,000 paid off** |
| **One Main Financial** | **2001 Mercedes S500 120,000 miles inoperable** |

| Debtor | **Larry Johnson** | Case number | **18-02301** |
|---|---|---|---|
| | **Renee D. Johnson** | | |

*Insert additional claims as needed.*

## Part 4: Treatment of Fees and Priority Claims

**4.1    General**

The debtor shall pay all post-petition priority obligations, including but not limited to taxes and post-petition domestic support, and pay regular payments on assumed executory contracts or leases, directly to the holder of the claim as the obligations come due, unless otherwise ordered by the Court. Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2    Trustee's fees**

Trustee's fees are governed by statute and may change during the course of the case.

**4.3    Attorney's fees.**

a.   The debtor and the debtor's attorney have agreed to an attorney's fee for the services identified in the Rule 2016(b) disclosure statement filed in this case. Fees entitled to be paid through the plan and any supplemental fees as approved by the Court shall be disbursed by the trustee as follows: Following confirmation of the plan and unless the Court orders otherwise, the trustee shall disburse a dollar amount consistent with the Judge's guidelines to the attorney from the initial disbursement. Thereafter, the balance of the attorney's compensation as allowed by the Court shall be paid, to the extent then due, with all funds remaining each month after payment of trustee fees, allowed secured claims and pre-petition arrearages on domestic support obligations. In instances where an attorney assumes representation in a pending pro se case and a plan is confirmed, a separate order may be entered by the Court, without further notice, which allows for the payment of a portion of the attorney's fees in advance of payments to creditors.

b.   If, as an alternative to the above treatment, the debtor's attorney has received a retainer and cost advance and agreed to file fee applications for compensation and expenses in this case pursuant to 11 U.S.C. § 330, the retainer and cost advance shall be held in trust until fees and expense reimbursements are approved by the Court. Prior to the filing of this case, the attorney has received $_____ and for plan confirmation purposes only, the fees and expenses of counsel are estimated at $_____ or less.

**4.4    Priority claims other than attorney's fees and those treated in § 4.5.**

The trustee shall pay all allowed pre-petition 11 U.S.C. § 507 priority claims, other than domestic support obligations treated below, on a *pro rata* basis. If funds are available, the trustee is authorized to pay any allowed priority claim without further amendment of the plan.

*Check box below if there is a Domestic Support Obligation.*

☐   **Domestic Support Claims.** 11 U.S.C. § 507(a)(1):

a.   Pre-petition arrearages. The trustee shall pay the pre-petition domestic support obligation arrearage to (state name of DSO recipient), at the rate of $_____ or more per month until the balance, without interest, is paid in full. *Add additional creditors as needed.*

b.   The debtor shall pay all post-petition domestic support obligations as defined in 11 U.S.C. § 101(14A) on a timely basis directly to the creditor.

c.   Any party entitled to collect child support or alimony under applicable non-bankruptcy law may collect those obligations from property that is not property of the estate or with respect to the withholding of income that is property of the estate or property of the debtor for payment of a domestic support obligation under a judicial or administrative order or a statute.

**4.5    Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*

| Debtor | Larry Johnson | Case number | 18-02301 |
|---|---|---|---|
| | Renee D. Johnson | | |

☑  **None.** If "None" is checked, the rest of § 4.5 need not be completed or reproduced.

## Part 5:  Treatment of Nonpriority Unsecured Claims

**5.1  Nonpriority unsecured claims not separately classified.** *Check one*

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata by the trustee to the extent that funds are available after payment of all other allowed claims.

☑  The debtor estimates payments of less than 100% of claims.
☐  The debtor proposes payment of 100% of claims.
☐  The debtor proposes payment of 100% of claims plus interest at the rate of %.

**5.2  Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

☑  **None.** If "None" is checked, the rest of § 5.2 need not be completed or reproduced.

**5.3  Other separately classified nonpriority unsecured claims.** *Check one.*

☑  **None.** If "None" is checked, the rest of § 5.3 need not be completed or reproduced.

## Part 6:  Executory Contracts and Unexpired Leases

**6.1  The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one.*

☑  **None.** If "None" is checked, the rest of § 6.1 need not be completed or reproduced.

## Part 7:  Vesting of Property of the Estate

**7.1  Property of the estate will vest in the debtor as stated below:**
*Check the applicable box:*

☑  Upon confirmation of the plan, property of the estate will remain property of the estate, but possession of property of the estate shall remain with the debtor. The chapter 13 trustee shall have no responsibility regarding the use or maintenance of property of the estate. The debtor is responsible for protecting the estate from any liability resulting from operation of a business by the debtor. Nothing in the plan is intended to waive or affect adversely any rights of the debtor, the trustee, or party with respect to any causes of action owned by the debtor.

☐  **Other.** The debtor is proposing a non-standard provision for vesting, which is set forth in section 8.1. This provision will be effective only if the applicable box in Section 1.3 of this plan is checked and a proposal for vesting is provided in Section 8.1.

## Part 8:  Nonstandard Plan Provisions

**8.1  Check "None" or List Nonstandard Plan Provisions**
☐  **None.** If "None" is checked, the rest of Part 8 need not be completed or reproduced.

**8.1 (a) Mortgage payments to be disbursed by the Trustee ("Conduit")**

In addition to the below, the provisions of the assigned Judge's Operating Order In RE: Conduit Mortgage Payment in Chapter 13 Cases are incorporated herein.

Mortgage payments, including pre-petition arrears, will be paid and cured by the Trustee as follows:

| Debtor | Larry Johnson | | | Case number | 18-02301 |
| | Renee D. Johnson | | | | |

| Name of Creditor | Description of Collateral (note if principal residence; include county tax map number and complete street address) | Current Installment payment (ongoing payment amount)* | Monthly payment to cure GAP*** (post pettion mortgage payments for the two (2) months immediately following the event beginning conduit) | Estimated amount of PRE-PETITION ARREARAGE ** (including the month of filing or conversion)* | Monthly payment on pre-petition arrearage |
|---|---|---|---|---|---|
| Wells Fargo Home Mortgage | 31 Schooner Ct., Columbia, SC 29229 | $2,372.28<br><br>Escrow for taxes<br>X Yes<br>☐ No<br><br>Escrow for insurance:<br>X Yes<br>☐ No | $78.00<br><br>Or more | $24,405.50 | $407.00<br><br>Or more |
|  |  | $<br><br>Escrow for taxes<br>☐ Yes<br>☐ No<br><br>Escrow for insurance:<br>☐ Yes<br>☐ No | $<br><br>Or more | $ | $<br><br>Or more |

*Unless otherwise ordered by the court, the amounts listed on a compliant proof of claim or a Notice filed und FRBP 3002(c) control over any contrary amounts above, and any Noteice of Payment Change that might be filed to amend the ongoing monthly payment amount
**The Gap will be calculated from the payment amounts reflected in the Official Form 410A Mortgage Proof of Claim Attachment and any Notice of Payment Change that might be filed to amend the monthly payment amount, but should not be included in the prepetition arrears amount.

**All payments due to the Mortgage Creditor as described in any allowed Notice of Post-Petition Mortgage Fees, Expenses, and Charges under F.R.B.P. 3002.1, filed with the Court, will be paid by the trustee, on a pro rata basis as funds are available.** See the Operating Order of the Judge assigned to this case.

### 8.1(b)   Debtor's Statement in Support of Confirmation

| Debtor | **Larry Johnson** | Case number | **18-02301** |
|---|---|---|---|
| | **Renee D. Johnson** | | |

In connection with this plan the debtor(s) hereby state that they understand the following:

(1) The obligations set forth in the plan, including the amount, method, and timing of payments made to the trustee and/or directly to creditors;

(2) The consequences of any default under the plan including the direct payments to creditors; and

(3) That debtor(s) may not agree to sell property, or sell property, employ professionals, or incur debt (including modification of debt) during the term of the plan without the advance authorization of the Bankruptcy Court.

8.1(c)   Part 1 of this chapter 13 form plan indicates that all objections to the confirmation of the plan must be filed no later than 7 days before the date set for the hearing on confirmation, unless otherwise ordered. In Operating Order 18-04, Judge Waites has otherwise ordered that all objections to the confirmation of a chapter 13 plan in cases before him shall be filed with the Court no later than 21 days after the date of service of the plan. Therefore, <u>all objections to the confirmation of this chapter 13 plan must be filed with the Court no later than 21 days after the date of service of this plan.</u>

## Part 9:   Signatures:

**9.1    Signatures of debtor and debtor attorney**

*The debtor and the attorney for the debtor, if any, must sign below.*

X   **/s/ Larry Johnson**
    **Larry Johnson**
    Signature of Debtor 1

    Executed on    **September 10, 2019**

X   **/s/ Barbara E. Brunson**
    **Barbara E. Brunson**
    Signature of Attorney for debtor   DCID#

X   **/s/ Renee D. Johnson**
    **Renee D. Johnson**
    Signature of Debtor 2

    Executed on    **September 10, 2019**

Date   **September 10, 2019**

**By filing this document, the debtor, if not represented by an attorney, or the debtor and the attorney for the debtor certify(ies) that this Chapter 13 plan contains no nonstandard provision other than those set out in Part 8.**

# United States Bankruptcy Court
## District of South Carolina

In re: Larry Johnson, Renee D. Johnson, Debtor(s)

Case No. **18-02301**
Chapter **13**

## CERTIFICATE OF SERVICE

I hereby certify that on **September 10, 2019**, a copy of Motion to Modify Plan after Confirmation and **Opportunity for Hearing and Modified plan** was served electronically or by regular United States mail to all interested parties, the Trustee and all creditors listed below.

William K. Stephenson, Jr.
Chapter 13 Office
3700 Forest Dr., Ste. 302
P.O. Box 8477
Columbia, SC 29202

Wells Fargo Bank NA
Default Document Processing
N9286-01y
1000 Blue Bentian Road
Eagan, MN 55121-7700

Wells Fargo Home Mortgage
Attn: Bankruptcy
Macx7801-014
4376 Stateview Blvd.
Fort Mill, SC 29715

/s/Barbara E. Brunson
Barbara E. Brunson
Law Office of Barbara E. Brunson
P.O. Box 50943
Columbia, SC 29250
(803) 799-0425 Fax:(877) 310-8766
barbara@brunsonlawsc.com